Mr. Justice Clayton
delivered the opinion of the court.
There is a preliminary question made in the argument of this cause, which will render a decision of the merits unnecessary.
The execution which was quashed, issued upon a judgment rendered in favor of John B. Beazley. In an answer to the petition for a supersedeas, Norcom interposed, and alleged that the beneficial interest in the judgment and execution then belonged to him, and upon the quashing of the execution, he took an appeal, and gave bond in his own name. This was not in *100 accordance with the statute, nor with any established practice. The parties on the record are the only persons in whose name an appeal or writ of error from the circuit court can be prosecuted, and if the case comes up in any other name, it cannot be entertained. The appeal must therefore be dismissed.
We have looked into the record, however, and the point presented thereby, and it may save litigation to give our impressions in regard to it. The levy upon real estate constitutes no satisfaction of an execution, until consummated by sale. Before that period, there is no change either of property or possession, and no reason to hold the levy to be a satisfaction.- When in this case the party was enjoined from selling the particular lots and lands levied on, because there were other lands which ought to be first subjected, surely he ought to be permitted to pursue those lands. Otherwise he is precluded from making his money, although it is conceded on all hands that some property ought to be liable for it.» A first levy was enjoined, because other property was said to be first liable; a second shared the same fate; and the third execution was quáshed, because the judgment was held to be satisfied by the previous levies. We do not think such satisfaction is substantial.
The present judgment, however, cannot be disturbed, and the appeal will be dismissed. But this will constitute no bar to the > issuing of another execution.